Filed 4/19/22  P. v. Perez CA2/3
(opinion on transfer from Supreme Court)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B298897 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA112332) |
| v. | |
| ANTONIO PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Antonio Perez appeals from a postjudgment order denying his Penal Code section 1170.95 petition.[1]  Without appointing counsel for Perez, the trial court found him ineligible for relief as a matter of law because he was convicted of attempted murder, not murder.  We affirmed the trial court's order, and our Supreme Court granted review.  Thereafter, *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) held that counsel must be appointed for a defendant upon the filing of a facially sufficient petition, and the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) which, among other things, expanded section 1170.95 to encompass attempted murder.  Our Supreme Court has transferred the matter back to us with directions to vacate our prior decision and reconsider the cause in light of *Lewis* and Senate Bill 775.  We do so, and again affirm the trial court's denial of the petition.  Although the trial court erred by failing to appoint counsel, the error was harmless.  Perez is ineligible for section 1170.95 relief as a matter of law because his jury was not instructed upon, and he was not convicted under, the natural and probable consequences doctrine or the felony-murder rule.

---

[1]	All further undesignated statutory references are to the Penal Code.

2

FACTUAL AND PROCEDURAL BACKGROUND[2]

1. *Facts*

Perez and his codefendant, Jacori Armon Williams, were members of the Front Hood Crips criminal street gang. In April 2010, the Front Hood Crips frequented West 137th Street in Compton. The gang was engaged in a "war" with several other gangs. Their gang rivals included the B-13's, a Latino gang whose members had been moving into some of the apartments located on 137th Street.

On April 4, 2010, L.T. was living with his grandmother on West 137th Street. That morning, as he was walking home from the market with his uncle, Williams approached him, stated that he was "Ice from Front Hood," and asked what gang L.T. was from. L.T. replied, "nowhere," and continued to walk home. Later that day, L.T. was washing his grandmother's car in front of their residence. Perez drove up in a minivan and blocked the driveway. Williams emerged from the van, pointed a handgun at L.T., and without saying a word, pulled the trigger rapidly three or four times. L.T. ducked behind his grandmother's car. L.T.'s uncle walked up to Williams and told him "this ain't about to happen." Williams returned to the van, and he and Perez drove away.

On April 18, 2010, a gold sedan occupied by four African American men drove down the 800 block of West 137th Street.

---

[2]     We have taken judicial notice of the records in Perez's prior appeals at the People's request (Evid. Code, §§ 451, 452, 459), and derive the factual and procedural background in part from this Division's unpublished opinions, which are part of the record. We limit our discussion to a summary of the facts underlying Perez's convictions.

Perez shot at the car from one side of the street, and then from the other side. Police recovered six shell casings and an expended round from the scene.

2. *Procedure*

A jury convicted Perez of five counts of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a)), five counts of assault with a firearm (§ 245, subd. (a)(2)), shooting at an occupied vehicle (§ 246), and possession of a firearm by a felon (former § 12021, subd. (a)(1)). The jury also found true gang and firearm enhancements, including that a principal was armed with a firearm in the attempted murder of L.T. (§ 12022, subd. (a)(1)), and that Perez personally used and intentionally discharged a firearm in the other attempted murders (§ 12022.53, subds. (b), (c)). The trial court sentenced Perez to 231 years to life in prison. A different panel of this Division affirmed Perez's convictions in an unpublished opinion issued in January 2014. (*People v. Perez* (Jan. 14, 2014, B238303) [nonpub. opn.].)

On May 17, 2019, Perez filed a petition for resentencing pursuant to section 1170.95, and requested the appointment of counsel. The trial court denied the petition without appointing counsel. The court's minute order stated, "The petitioner was convicted of 5 counts of attempted, willful, deliberate and premeditated murder. The statute only applies to individuals convicted of first or second degree murder. Petitioner does not qualify for resentencing under Penal Code section 1170.95." This court again affirmed. (*People v. Perez* (July 21, 2020, B298897) [nonpub. opn.].)

Thereafter, our Supreme Court granted review. (*People v. Perez*, Sept. 30, 2020, S264073.) On February 16, 2022, the Supreme Court transferred the matter back to us with

4

instructions to vacate our July 2020 opinion and reconsider the cause in light of Senate Bill 775 and *Lewis*, *supra*, 11 Cal.5th 952. As directed, we have vacated our prior opinion. We reconsider the cause in light of *Lewis,* Senate Bill 775, and the parties' supplemental briefs.

DISCUSSION

Perez contends that the trial court's summary denial of his petition, without appointing counsel, on the ground that section 1170.95 did not extend to the offense of attempted murder, was erroneous. We agree that the trial court's ruling that attempted murder is not encompassed in section 1170.95—while correct at the time made—is erroneous under current law. We also agree that in light of *Lewis*, the trial court erred by failing to appoint counsel for Perez. However, because Perez was not convicted on a felony-murder or natural and probable consequences theory, the petition was properly denied and the failure to appoint counsel was harmless.

1. *Applicable legal principles*

Senate Bill 1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) To achieve these goals, Senate Bill 1437 added section 189, subdivision (e) (limiting application of the felony murder rule) and section 188, subdivision (a)(3) (stating that " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' ") (*Gentile*, at pp. 842–843.) Senate Bill 1437 also added section 1170.95, which created a procedure whereby persons convicted of murder under a now-invalid felony-

5

murder or natural and probable consequences theory may petition for vacation of their convictions and resentencing.

Since the trial court's ruling and this court's 2020 affirmance, the law has been changed or clarified in two respects that are relevant here. First, our Supreme Court resolved a split of authority in the appellate courts and clarified the proper procedure for the evaluation of a section 1170.95 petition. The defendant is entitled to the appointment of counsel, if requested, upon the filing of a facially sufficient petition, that is, one that makes the necessary averments, without regard to his or her eligibility for relief. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 963.) Senate Bill 775 subsequently amended section 1170.95 to codify this holding, and now expressly states, "Upon receiving a petition in which the information required by this subdivision is set forth . . . if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1170.95, subd. (b)(3); see Sen. Bill 775, § 1, subd. (b).) Thus, section 1170.95 does not allow for summary denial based on a petitioner's ineligibility prior to the appointment of counsel. (*Lewis*, at p. 957.) Error in failing to appoint counsel pursuant to section 1170.95 is subject to harmless error review under the standard articulated in *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis,* at pp. 957–958 ["deprivation of [the] right to counsel under subdivision (c) of section 1170.95 [is] state law error only, tested for prejudice under" *Watson*].) Under that standard, to establish reversible error a defendant must " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Id.* at p. 974.)

Second, as originally enacted, section 1170.95's express language encompassed only murder, not attempted murder or

manslaughter. Accordingly, prior to enactment of Senate Bill 775, California appellate courts concluded that section 1170.95 did not extend to convictions for those offenses. (See *People v. Flores* (2020) 44 Cal.App.5th 985, 993–994.) Effective January 1, 2022, Senate Bill 775 amended section 1170.95 to expressly encompass attempted murder and manslaughter.[3] (§ 1170.95, subd. (a); see also subd. (d)(1); *People v. Porter* (2022) 73 Cal.App.5th 644, 651–652.) Under *In re Estrada* (1965) 63 Cal.2d 740, we assume that, absent contrary evidence, an amendment reducing punishment for a crime applies retroactively to all nonfinal judgments. (*Id.* at p. 745; *People v. Brown* (2012) 54 Cal.4th 314, 323; see *People v. Garcia* (2018) 28 Cal.App.5th 961, 972–973.) Such is the case with Senate Bill 775. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006–1007; *Porter*, at p. 652.) For retroactivity purposes, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) Wright's appeal of the denial of his section 1170.95 petition was not final when Senate Bill 775 took effect, and therefore the amendments apply retroactively to him.

---

[3]     The statute now provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated . . . ." (§ 1170.95, subd. (a).)

*2. Perez is ineligible for relief as a matter of law; the failure to appoint counsel was harmless error*

*People v. Lewis* compels the conclusion that the trial court erred by summarily denying the petition without appointing counsel for Perez. And, amended section 1170.95 extends to the offense of attempted murder. Nonetheless, Perez is ineligible for section 1170.95 relief as a matter of law.

To be eligible for resentencing, Perez was required to show that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) Potential relief under section 1170.95 extends only to those convicted of attempted murder by operation of the natural and probable consequences doctrine or the felony-murder rule. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866–867; *People v. Cortes* (2022) 75 Cal.App.5th 198, 204–205.) The record of conviction conclusively demonstrates that Perez cannot make such a showing. "The fact that a petitioner was not 'convicted of felony murder or murder under a natural and probable consequences theory' [citation] at trial may be conclusively determined if, for example, the jury did not receive instructions on either theory." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 236.) Perez's jury was not instructed on either of these theories, or on any theory of liability that allowed malice to be imputed to him. His jury was instructed, instead, that a defendant could be guilty either as the perpetrator of the crime, or as a direct aider and abettor who had the intent to kill. Therefore, Perez necessarily was convicted on a theory that survives the changes to sections 188 and 189 enacted by Senate Bill 1437, and was "ineligible for resentencing under section 1170.95, subdivisions (a) and (b)." (*Cortes*, at p. 205; see

8

*Rivera*, at pp. 236–237; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)**[4]**

Because Perez is ineligible for section 1170.95 relief as a matter of law, there is no reasonable probability that, had counsel been appointed, the result would have been more favorable to him.  (See *People v. Mancilla, supra,* 67 Cal.App.5th at p. 864.)

---

**[4]**     Perez argues that "some of the attempted murder counts might have been based on an erroneous . . . 'kill zone' instruction."  This contention is not cognizable at this juncture.  Senate Bills 1437 and 775, and section 1170.95, do not provide relief for purported trial errors other than those related to the use of the felony-murder, natural and probable consequences, or other imputed malice theory.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error"].)

## DISPOSITION

The order denying Perez's petition for resentencing pursuant to section 1170.95 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

10